UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HUB FOUNDATION CO., INC. | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 1:22-cv-11034 |
| v. | ) ) | |
| THE CHUBB CORPORATION, | ) ) | |
| Defendant. | ) ) | |

# NOTICE OF REMOVAL

Executive Risk Indemnity, Inc. ("Executive Risk"), improperly named The Chubb Corporation ("Chubb") in the captioned action *Hub Foundation Co., Inc. v. The Chubb Corporatio*n, Suffolk Superior Court, Civil Action No. 2284CV01030,[1] hereby files this Notice of Removal of the action from the Suffolk Superior Court to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of its Notice of Removal, Executive Risk states as follows:

1. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Executive Risk pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

---

[1] The plaintiff Hub Foundation Co., Inc.'s ("Hub") Complaint names The Chubb Corporation as the defendant, even though the subject insurance policy was issued by Executive Risk.  Because it appears that Hub's intended defendant is Executive Risk, Executive Risk files this Notice of Removal, while reserving all of its rights with respect to the apparent misnomer.

3173821_1

2

2. The plaintiff Hub commenced the action in Suffolk Superior Court in the Commonwealth of Massachusetts by filing their Complaint on May 11, 2022. A true copy of the Complaint is attached as <u>Exhibit A</u>.

3. The plaintiff Hub served The Chubb Corporation with a Summons and a copy of the Complaint on June 15, 2022. A true copy of the Summons is attached as <u>Exhibit B</u>.

4. To Executive Risk's knowledge, no other pleadings have been filed.

5. According to the Complaint, the plaintiff Hub is a corporation organized under the laws of Commonwealth of Massachusetts with a principal place of business located in Chelmsford, Massachusetts. Complaint (Exhibit A), ¶ 1.

6. The named defendant The Chubb Corporation no longer exists. However, as alleged in the Complaint, as of the last date of its existence, it was a corporation organized under the laws of the State of New Jersey with a principal place of business located in Warren, New Jersey.

7. Executive Risk, the plaintiff's apparent intended defendant, is a corporation organized under the laws of the State of Delaware with a principal place of business located in Whitehouse Station, New Jersey.

8. Accordingly, the plaintiff Hub and the defendant, whether it be The Chubb Corporation or Executive Risk, are citizens of different states, and complete diversity exists between them, as required for the jurisdiction of this Court under 28 U.S.C. § 1332(a)(1).

9. The Complaint seeks recovery of damages allegedly suffered by Hub as a result of Executive Risk's alleged breach of its obligations under a commercial general liability insurance policy issued by Executive Risk to Hub, regarding an underlying personal injury lawsuit brought by an employee of Hub against Hub's joint venturer, Hayward Baker, Inc.

3173821_1

("HBI"), and another joint venture consortium, GLX Constructors ("GLXC"), for injuries he allegedly sustained while he was performing work on the MBTA's extension of the Green Line through Somerville and Medford, Massachusetts. The Complaint also seeks declaratory relief regarding Executive Risk's alleged obligation to defend and indemnify HBI and GLXC against the underlying lawsuit.

10. According to its Civil Action Cover Sheet filed with its Complaint in Suffolk Superior Court, the plaintiff Hub claims to have incurred "ongoing damages in excess of $75,000.00" in damages. *See* Exhibit A. Paragraph 5 of the Complaint further states that "the amount in controversy exceeds $75,000, exclusive of interest and costs." See Exhibit A. As such, the amount in controversy in this action exceeds the threshold amount of $75,000.00, as required for the jurisdiction of this Court under 28 U.S.C. § 1332(a).

11. Based upon the foregoing, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and, therefore, removal is proper under 28 U.S.C. § 1441(a).

12. Because Chubb was first served with the Summons and the Complaint on June 15, 2022, this action is being removed within the time period required by 28 U.S.C. § 1446(b).

13. Venue is proper in this forum under: (a) 28 U.S.C. § 1391(b)(1) and (c)(1) because the plaintiff resides for venue purposes in this judicial district; and (b) 28 U.S.C. § 1391(b) because a substantial portion of the alleged events or omissions giving rise to the claim occurred in this judicial district.

WHEREFORE, notice is respectfully given that this action is hereby removed from Suffolk Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

June 29, 2022                                    Respectfully submitted,

                                                 EXECUTIVE RISK INDEMNITY, INC.,
                                                 By Its attorneys,

                                                 /s/ John J. McGivney
                                                 /s/ Kara A. Loridas
                                                 _____
                                                 John J. McGivney (BBO No. 333510)
                                                 Kara A. Loridas (BBO No. 681727)
                                                 RUBIN AND RUDMAN LLP
                                                 53 State Street
                                                 Boston, MA  02109
                                                 (617) 330-7000
                                                 jmcgivney@rubinrudman.com
                                                 kloridas@rubinrudman.com


## **CERTIFICATE OF SERVICE**

I, Kara A. Loridas, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and e-mail copies will be sent to those indicated as non-registered participants on June 29, 2022.  Papers were also served by electronic copy and hard copy to the following:

Michael J. Mozes, Esq.
Richard D. Kalson, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
rkalson@beneschlaw.com

David M. Hopkins, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
dhopkins@beneschlaw.com

                                                  /s/ Kara A. Loridas
                                                 _____
                                                 Kara A. Loridas